UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-273-FDW
(3:03-cr-55-FDW-DCK-1)

| | |
|---|---|
| ANDREW TIMOTHY JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate Sentence Under 28 U.S.C. § 2255 [Doc. 1]. Also pending are the Government's Motion to Dismiss [Doc. 14] and Petitioner's *pro se* Memorandum [Doc. 19].[1]

## I. BACKGROUND

Petitioner was charged with: attempt to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count One); carrying a firearm during and in relation to a crime of violence, i.e. Count One, in violation of 18 U.S.C. § 924(c)(1) (Count Two); armed bank robbery and aiding and abetting the same in violation of 18 U.S.C. §§ 2113(a) and 2 (Counts Three and Four); and carrying a firearm during and in relation to a crime of violence, i.e. Count Four, in violation of 18 U.S.C. § 924(c)(1) (Count Five) [3:03-cr-55 ("CR") Doc. 52]. A jury found the Petitioner guilty of Counts One, Two, Four, and Five.[2] [See CR Doc. 81]. The Court sentenced him to a total of

---

[1] Petitioner is represented by counsel. Accordingly, his *pro se* Memorandum is an unauthorized filing that will be stricken. See McKaskle v. Wiggins, 465 U.S. 168, 183 (1984) (noting there is no constitutional right to a "hybrid representation" in which defendant is represented both by himself and by counsel).

[2] Count Three was dismissed on the motion of the United States. [See CR Doc. 52].

1

497 months' imprisonment, consisting of 77 months for Counts One and Four, concurrent, and 120 months for Count Two and 300 months for Count Five, consecutive. [CR Doc. 91]. The Fourth Circuit Court of Appeals affirmed on direct appeal. United States v. Jones, 201 F. App'x 158 (4th Cir. 2006).

Petitioner filed a § 2255 petition in 2007 that was denied, Case No. 3:07-cv-373. Jones v. United States, 2007 WL 4510215 (W.D.N.C. Dec. 17, 2007). The Fourth Circuit dismissed Petitioner's appeal. United States v. Jones, 282 F. App'x 275 (4th Cir. 2008).

On May 24, 2016, after receiving authorization from the Fourth Circuit to file a successive § 2255 petition, the Federal Defender filed a Motion to Vacate on Petitioner's behalf in the instant case. He argues that the § 924(c) conviction in Count Two is invalid pursuant to Johnson v. United States, 576 U.S. 591 (2015), which also invalidates his second § 924(c) conviction in Count Five, for which he received a 25-year sentence pursuant to § 924(c)(1)(C).[3] [Doc. 1]; see 18 U.S.C. § 924(c)(1)(A), (C). The case was stayed for several years pending developments in the case law. See [Sept. 19, 2016, March 25, 2019, August 29, 2019 text-only Orders; Doc. 21]. Most recently, the matter was stayed pursuant to the Supreme Court's consideration of United States v. Taylor, which has now been resolved, 142 S.Ct. 2015 (2022).

The Petitioner's Motion to Vacate is now before the Court for consideration. [Doc. 1]. In 2019, the Government filed a Motion to Dismiss arguing that the Motion to Vacate is procedurally defaulted and meritless. [Doc. 14]. However, after Taylor was decided, the Government filed a Response agreeing that Count Two should be vacated and that Petitioner should receive a time-served sentence on the remaining counts. [Doc. 25].

---

[3] Petitioner filed another pro se § 2255 action in this Court in 2019 which was dismissed as successive, Case No. 3:19-cv-239. Petitioner also sought § 2241 relief in Virginia district court. See W.D. Va. Case Nos. 7:10-cv-93, 7:14-cv-281.

2

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Section 924(c) prohibits using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime…." 18 U.S.C. § 924(c)(1). A "crime of violence" is defined in § 924(c)(3) as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C.A. § 924(c)(3).

The Supreme Court applied the principles articulated in Johnson to conclude that the residual clause set forth in § 924(c)(3)(B) is unconstitutionally vague. United States v. Davis, 139

S.Ct. 2319 (2019). Accordingly, a § 924(c) conviction can only stand if the predicate offense satisfies the force clause set forth in § 924(c)(3)(A). It is now clear that attempted Hobbs Act robbery does not qualify categorically as a crime of violence under § 924(c)(3)(A)'s force clause. See United States v. Taylor, 142 S.Ct. 2015 (2022).

Here, the §924(c) conviction in Count Two is invalid because the attempted Hobbs Act robbery in Count One is not categorically a crime of violence. The parties correctly agree that, because Count Two was not supported by a valid predicate crime of violence, it must be vacated. [Docs. 22, 25]. The parties further agree that a time-served sentence on the remaining counts is appropriate. [Docs. 24 at 3; 25 at 3].

Based on the foregoing, Count Two is vacated. The Court finds that a resentencing hearing is unnecessary and that a sentence of time served on the remaining counts is appropriate pursuant to § 3553(a). With the consent of the parties, the Clerk will be instructed to issue an Amended Judgment imposing a sentence of time served for the remaining counts, with all other terms and conditions remaining in effect.

**IV. CONCLUSION**

Petitioner's Motion to Vacate is granted, Count Two is vacated, and Petitioner is resentenced to time served on the remaining counts. The Government's Motion to Dismiss is denied and Petitioner's pro se Memorandum is stricken.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate Sentence Under 28 U.S.C. § 2255 [Doc. 1] is **GRANTED**.

2. Petitioner's conviction on Count Two is **VACATED**.

3. The Government's Motion to Dismiss [Doc. 14] is **DENIED**.

Signed: September 29, 2022

4. Petitioner's pro se Memorandum [Doc. 19] is **STRICKEN**.

5. The Clerk is directed to issue an Amended Judgment imposing a sentence of time served for the remaining counts, with all other terms and conditions remaining in effect; and to serve copies of this Order on the federal Bureau of Prisons, Petitioner, counsel for the Petitioner, the United States Attorney, and the United States Probation Office.

Signed: September 29, 2022

Frank D. Whitney
United States District Judge